UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS KELLY CUEVAS,<br><br>    Petitioner,<br><br>  v.<br><br>J. SULLIVAN,<br><br>    Respondent. | Case No. 1:18-cv-01281-LJO-JDP<br><br>FINDINGS AND RECOMMENDATIONS THAT COURT DENY RESPONDENT'S MOTION TO DISMISS AND PETITIONER'S MOTION TO STAY WITHOUT PREJUDICE<br><br>ECF Nos. 19, 26<br><br>ORDER DENYING PETITIONER'S MOTION FOR COUNSEL WITHOUT PREJUDICE<br><br>ECF No. 23 |

Petitioner Jose Luis Kelly Cuevas, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 8. Respondent moves to dismiss the petition as untimely. ECF No. 19. Petitioner alleges that his appellate counsel's refusal to pursue review by the California Supreme Court precluded him from filing a timely petition. Rather than holding an evidentiary hearing to assess the veracity of petitioner's allegations, we recommend that the court deny respondent's motion to dismiss without prejudice and direct briefing on the merits.

Respondent also moves to dismiss the petition as unexhausted. ECF No. 19 at 4-8. In response, petitioner moves to stay the proceeding so that he can exhaust his allegedly unexhausted claims in state court. ECF No. 26. Petitioner alleges that he filed a pro se petition for review by the California Supreme Court in February 2017, but respondent has not filed a copy

1

of the February 2017 petition. Given the limited record, we cannot tell whether petitioner has exhausted his claims, so the court should deny without prejudice respondent's motion to dismiss for failure to exhaust and petitioner's motion to stay.

**I.    Timeliness**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year time limit for filing a federal petition for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The parties agree that, unless tolling applies, petitioner's one-year period had run when the instant petition was filed. The only question is whether the one-year period should be tolled.

Petitioner has alleged, in his federal and state habeas petitions, that his ineffective assistance of counsel precluded him from seeking review by the California Supreme Court. *See* ECF No. 8 at 2; ECF No. 21-3 at 3. According to petitioner, he has difficulties with the English language, but his appellate counsel told him that he must file his petition for review pro se. *See* ECF No. 21-3 at 3. Both the federal and state petitions are signed under penalty of perjury. ECF No. 8 at 6; ECF No. 21-3 at 19. These allegations may call for an evidentiary hearing. *See Laws v. Lamarque*, 351 F.3d 919, 921, 924 (9th Cir. 2003) (remanding and noting that petitioner need not "carry a burden of persuasion . . . in order to merit further investigation into the merits of his argument for tolling" at pleading stage (citing *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000))). On the other hand, respondent has not admitted or denied petitioner's allegations, and without further submissions from the parties, it is premature to decide whether the one-year statute of limitations period should be tolled.

For efficiency's sake, we recommend that the court deny respondent's motion to dismiss without prejudice and consider the petition's merits. A district court may deny a motion to dismiss without prejudice and direct the parties to brief the merits. *See Franklin v. Johnson*, 290 F.3d 1223, 1232 (9th Cir. 2002) ("Procedural bar issues are not infrequently more complex than the merits issues . . . so it may well make sense in some instances to proceed to the merits if the result will be the same."); *McCoy v. Soto*, No. 15-cv-1578, 2017 WL 2644837, at *3 (E.D. Cal. June 20, 2017) (denying motion to dismiss on statute of limitations and noting, "In the instant case, it appears that judicial economy will be better served by adjudicating Petitioner's claims on

the merits."). The parties are free to develop the record further and address the timeliness issue when they brief the merits. If the court adopts these findings and recommendations, a new briefing schedule will issue.

**II.      Exhaustion**

Respondent moves to dismiss the petition as unexhausted. ECF No. 19 at 4-8. Respondent contends that petitioner has failed to raise all habeas claims before the California Supreme Court. *See id*. at 5-8. In response, petitioner moves to stay the proceeding so that he can exhaust his allegedly-unexhausted claims in state court. ECF No. 26.

A factual dispute precludes dismissing the petition for failure to exhaust. According to petitioner, he filed a petition with the California Supreme Court on February 17, 2017. ECF No. 8 at 2. According respondent, a petition with the California Supreme Court was filed about four months later, on June 21, 2017. ECF No. 21-4 at 1. Respondent has not filed a copy of the February 17, 2017 petition or any evidence that could establish that petitioner filed only one state petition and that the sole state petition was the June 21, 2017 petition. Without such evidence, we cannot tell whether petitioner has exhausted his claims in his February 17, 2017 petition.[1] Because we cannot decide the exhaustion issue, we cannot decide respondent's motion to dismiss or petitioner's motion to stay. The court should deny without prejudice respondent's motion to dismiss for failure to exhaust and petitioner's motion to stay. Again, the parties may argue exhaustion issue later in the case, but they must raise such arguments in addition to those on the merits.

**III.      Petitioner's Motion for Appointment of Counsel**

Petitioner moves for appointment of counsel, stating that he does not speak fluent English. ECF No. 23. We are not yet persuaded that this case warrants appointment of counsel. Petitioner may renew his motion for counsel once the parties fully brief the merits, but his motion for

---

[1] Respondent states that petitioner has filed only "one filing with the California Supreme Court," citing a copy of petitioner's June 21, 2017 petition. ECF No. 19, at 5 (citing ECF No. 21-3). The copy of the June 21, 2017 petition, however, does not show that petitioner filed only one petition and does not address his allegation that he filed such a petition on a different date, February 17, 2017. In addition, respondent has not properly authenticated the exhibits submitted in support of the motion to dismiss.

3

counsel is denied at this time without prejudice.

**IV.　Order**

Petitioner's motion for appointment of counsel, ECF No. 23, is denied without prejudice

**V.　Findings and Recommendations**

We recommend that the court deny without prejudice respondent's motion to dismiss, ECF No. 19, and petitioner's motion to stay, ECF No. 26.

These findings and recommendations are submitted to the U.S. District Court Judge presiding over this case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days of the service of the findings and recommendations, any party may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The District Judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:　August 16, 2019　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

No. 202.