UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS KELLY CUEVAS,<br><br>　　　　　Petitioner,<br><br>　　　v.<br><br>J. SULLIVAN,<br><br>　　　　　Respondent. | No.   1:18-cv-01281-NONE-HBK (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DENY PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. Nos. 8, 42) |

Petitioner Jose Luis Kelly Cuevas is a state prisoner proceeding *in propria persona* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner is currently serving a 105-year–to–life term of imprisonment following his conviction, following a 2015 jury trial in the Fresno County Superior Court, on three counts of sexual intercourse or sodomy with a child under the age of ten in violation of California Penal Code § 288.7(a) and two counts of oral copulation or sexual penetration of a child under 10 years of age in violation of California Penal Code § 288.7(b).  (Doc. No. 36-12 at 2, 5.)  Petitioner appealed from his judgment of conviction and sentence to the California Court of Appeal and the judgment of conviction was affirmed.  (Doc. Nos. 36-12.)  Thereafter, petitioner sought state habeas relief on grounds of ineffective assistance of counsel and disproportionate sentence, but his application was denied by the California Supreme Court.  (Doc. Nos.36-15, 41.)  Petitioner now seeks federal habeas relief on the same grounds rejected by the state courts.  (Doc. No. 8.)

1

1          Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302, the instant federal habeas petition was referred to a United States Magistrate Judge.  On September 30, 2020, the assigned magistrate judge issued findings and recommendations finding that petitioner had failed to establish prejudice as a result of his counsel's alleged ineffective assistance and had also failed to demonstrate that the sentence imposed by the state court trial court was grossly disproportionate to his crimes of conviction in violation of the Eighth Amendment.  (Doc. No. 42 at 10, 12–14.)  Accordingly, it was recommended that the pending petition for federal habeas relief be denied.  (*Id.* at 14.)  Petitioner has filed timely objections to the findings and recommendations.  (Doc. No. 43.)

          The undersigned has reviewed this case *de novo* pursuant to 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304.  Based upon that review the undersigned finds the pending findings and recommendations to be supported by the record and proper analysis.  In addition, the undersigned also finds that petitioner's objections fail to meaningfully address or call into question the analysis set forth in the findings and recommendations.  Accordingly, the findings and recommendations will be adopted.

          The court must now turn to whether a certificate of appealability should be issued.  A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253.  Courts should issue a certificate of appealability only if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).  In the present case, the court finds that reasonable jurists would not find the court's determination that the petition should be dismissed debatable or wrong, or that petitioner should be allowed to proceed further.  Therefore, the court declines to issue a certificate of appealability.

/////

/////

Accordingly, the court orders as follows:

1. The findings and recommendations issued on September 30, 2020 (Doc. No. 42) are ADOPTED in full;
2. The petition for writ of habeas corpus (Doc. No. 8) is DENIED;
3. The court DECLINES to issue a certificate of appealability; and
4. The Clerk of Court is DIRECTED to assign a district judge to this case for the purposes of closure and to close this case.

IT IS SO ORDERED.

Dated: **December 14, 2020**

　　　　　　　　　　　　　　　　　　　／s／ Dale A. Drozd
UNITED STATES DISTRICT JUDGE